## ROBERTS *v.* BURWELL.

[78 South. 359, In Banc.]

WILLS. *Charges on realty.*

> Where a will directed that the devisees thereunder should each deliver a bale of cotton annually to the widow of the testator, the cotton was not a charge upon the crops grown by the devisees on their several shares of the land, bequeathed to them under the will.

APPEAL from the circuit court of Holmes county.
HON. F. E. EVERETT, Judge.

Suit by Harris Roberts, executor of Tom Roberts, deceased, against W. B. Burwell and others. From a judgment for defendants, plaintiff appeals.

Harris Roberts, executor of Lou Roberts, deceased, filed a declaration in the circuit court of Holmes county against W. B. Burwell and the Burwell Mercantile Company, alleging that Lou Roberts, deceased, was lawfully possessed of four bales of lint cotton raised on the estate of Burwell Roberts and of the value of two hundred and

seventy-five dollars, and that the defendants, knowing
the said goods and chattels to be the property of Lou
Roberts, wrongfully took into their possession and con-
verted and disposed of said property to their own use;
that thereafter Lou Roberts died, and that Harris Rob-
erts was appointed executor, and made demand for said
cotton, which was refused. The cause of action arises
out of the rights of Lou Roberts under the last will of
Burwell Roberts, who owned certain lands in Holmes
county, bequeathed to his children each a one-sixth in-
terest in his land, subject to the following conditions
and provisions:

"The conditions of the last six bequests are that my
wife Lou Roberts shall not be disturbed in her posses-
sion of the house in which she and I have had our home
during the last years of our lives together as long as
she lives, and that each of the last six beneficiaries of
this my last will and testament shall deliver to my wife
Lou Roberts one bale of cotton weighing five hundred
pounds each year during her natural life making her
annual income six bales of cotton weighing five hundred
pounds each, unless my wife prefers to receive a child's
part," etc., in which case the wife was to take a one-
seventh, and each of the children a one-seventh, interest.
The wife elected to take the cotton and retain posses-
sion of the dwelling, and was in possession during the
year 1915, during which year certain cotton was grown
upon the premises of Burwell Roberts, deceased, and
came into possession of the defendant W. B. Burwell.
Lou Robert, deceased, made a will in which she made
Harris Roberts executor, and in which it was provided
he should assume a certain indebtedness and should be
entitled to the rents on the property of Lou Roberts
growing out of the provision for the six bales of cotton.
Demand was made upon Burwell for the cotton, and the
delivery was refused. It appears that Burwell had

acquired a one-sixth interest in the lands of Burwell Roberts, deceased, and for his rent for the said one-sixth, received a five hundred-pound bale of cotton of the value of fifteen cents per pound. It also appears that he had received certain other cotton from certain of the heirs of Burwell Roberts, deceased, grown upon the Burwell Roberts premises. One of the heirs of Burwell Roberts worked her one-sixth interest in the land, and in addition this heir rented other lands, and from the joint products of the two tracts of land raised two bales of cotton, which were delivered to the appellee W. B. Burwell. The evidence did not disclose the exact amount of cotton grown upon the Burwell Roberts place. This case was tried in the circuit court under an agreement to waive trial by jury and to submit the case to the judge on the law and the facts. There was a judgment there for the appellees, and from that judgment the appellant appealed to this court.

It is contended by the appellant that the cotton directed by the will of Burwell Roberts to be delivered by each of the devisees therein to Lou Roberts is a charge upon the crops grown upon his or her share of the land.

*Geo. Butler,* for appellant.

There can be no question but what the appellant in this case has the same right to the cotton in question which Lou Roberts herself possessed during her lifetime. At this point it is perhaps proper to call the court's attention to sections 2880 and 2881 of the Code of 1906. These sections are as follows: "2880. Rent assets in hands of personal representatives. If a person lease his land and die, the rent to accrue for the land during the year of his death shall be payable to the personal representative of the decedent, who shall have

the same remedy therefor as the decedent would have had if he had lived.''

"2881. Death of tenant for life; apportionment of rent. When a tenant for life who shall have demised lands, shall die on or after the day when any rent became payable, his executor or administrator may recover from the under-tenant the whole rent due; and if he die before the day when any rent is to become due he may recover the proportion of the rent which accrued before the time of the tenant. And the tenant for the life of another, his executor or administrator, in case of the death of the person for whose life the estate is held, on or before the day when any rent shall become due shall have like remedy; and a like apportionment shall be made in the case of annuities.''

The record does not show when the tenants were to pay rent, but it does affirmatively appear that they actually paid the same and that Burwell actually received the same before the death of Lou Roberts, and the appellant insists under these facts that there was no cause for apportionment, but if mistaken in this, then the same might have been apportioned under section 2181.

Section 2832 gives the landlord a lien upon all the agricultural products raised upon the leased premises to secure payment of the rent. Section 2852 provides for enforcing the lien after the termination of the lease and section 2879 extends the remedy to the executor or administrator.

It is thoroughly well settled in this state that the landlord having the lien may recover of one taking the property the value thereof. Or in other words, that the landlord has such title under the statute as will permit him to maintain an action against the vendee of the rent in trover, conversion, *assumpsit* or an action on the case for an injury. *Wooten* v. *Gwinn,* 56 Miss. 423; *Dunn* v.

*Kelly,* 75 Miss. 825; *Cohn* v. *Smith,* 64 Biss. 876; *Newman* v. *Bank,* 66 Miss. 323; *Petes & Norman* v. *Baker,* 95 Miss. 579; *Warren* v. *Jones,* 70 Miss. 202; *Eason* v. *Johnson,* 69 Miss. 371.

As early as 1880 in *Strauss* v. *Bailey,* 58 Miss. 131, this court held that a lien given to the landlord might be used as a weapon of defense the same as a weapon of offense.

It would seem clear therefore that the administrator had the right to maintain this suit in the form in which it was begun, and even if the declaration was not strictly one of *assumpsit* as our statute has done away with all forms of proceedings and the form of the declaration could make no difference in this case.

This brings us to the question as to whether or not Lou Roberts in her lifetime or her executor, after her death, could have recovered this cotton from the vendees. In order to maintain this position, it is not necessary to contend that Lou Roberts or her executor could have maintained an attachment for the rent. The question now under discussion must be determined by the will of Burwell Roberts, whereby the land was bequeathed to his children on condition that they pay Lou Roberts during her lifetime, one bale of cotton weighing five hundred pounds each year, so as to make her annual income six bales of cotton weighing five hundred pounds each.

The legal effect of this proceeding would make the several devisees tenants of Lou Roberts during her lifetime of the whole plantation with the obligation upon each to pay her annually one bale of cotton for the use and occupation of the land.

Appellees had notice of these proceedings because Lou Roberts during her lifetime brought a suit in the chancery court which is now pending in this court against appellee, *et al.,* to recover rents for the years previous

to 1915; so appellees are not in a position to claim to be innocent purchasers without notice.

It is too clear for argument that those taking the land under and through the several devisees, took the same under the implied promise to pay the rents annually mentioned in the will and the rents ordered and directed to be paid in the partition.

It is respectfully submitted that this cause should be reversed and a judgment entered here for the plaintiff for the value of the cotton, shown to have been received by W. B. Burwell at fifteen and three-eighths cents per hundred pounds, to wit one hundred and ninety-nine dollars and ninety-five cents.

*Elmore & Ruff*, for appellee.

Plaintiff argues that it is thoroughly well settled in this state that plaintiff in this case is entitled to maintain trover, conversion, *assumpsit* or an action on the case for an injury and cites his authority therefor. Appellant's attorney further contends that: ''The form of the declaration could make no difference in this case.'' We care very little about matters of form but we were entitled to assume and did assume that the case intended to be proved by the evidence was set forth in a declaration ''of the facts constituting the cause of action in ordinary and concise language.'' The lower court was of the opinion that the case made by the declaration and that made by the evidence were not the same but materially variant. This appears plainly true.

We do not think it is well settled in this state that a landlord by virtue of his lien for rent may maintain against the vendee of agricultural products subject to the lien, trover, conversion, *assumpsit* or an action on the case. We mean the ordinary action of trover, conversion or *assumpsit*. We have examined the several cases cited to the proposition by appellant and we give it

as our careful opinion that no case cited supports the proposition announced.

We believe it has never been held in this state that trover or conversion or *assumpsit* could be maintained in such cases. It has been held that a special action on the case was the proper remedy and for the reason chiefly that neither trover nor conversion nor *assumpsit* was the proper action.

The history of this character of litigation may be said to begin with *Westmoreland* v. *Wooten,* 51 Miss. 825, an action in *assumpsit.* It was then held that the landlord had a lien on the cotton but "no right of property in the cotton," such as would "entitle him to maintain trover or *assumpsit* against Westmoreland" the vendee. Same case, 828.

The same case was again before the court in *Wooten* v. *Gwin,* 56 Miss. 425; but "in effect the form of the action was changed from *assumpsit* to the special action on the case."

The next case cited by appellant is *Dunn* v. *Kelly,* 57 Miss. 825. The report does not indicate whether the action was trover, *assumpsit* or on the case. But in view of the holdings in the prior decisions of *Westmoreland* v. *Wooten,* 51 Miss. 825, and *Wooten* v. *Gwin,* 56 Miss. 422, there cannot be a doubt that the action was a special action on the case. In fact, in *Cohn* v. *Smith,* 64 Miss. 616, the next case cited by appellant, the court on page 820, discussing *Dunn* v. *Kelly,* says: "George, C. J., and Chalmers, J., maintained the right of the landlord to recover in an action of trespass on the case." Inasmuch as in *Cohn* v. *Smith,* the court relies in express terms on *Dunn* v. *Kelly* as a precedent to authorize an action on the case, we must conclude in the absence of all showing to the contrary that *Cohn* v. *Smith* was likewise an action on the case. *Newman* v. *Bank,* 66 Miss. 323, was a suit in chancery and is not

pertinent on the question we are now discussing. *Eason* v. *Johnson,* 69 Miss. 371, is devoid of any statement as to the kind of action it was, but in view of the history of this species of litigation, it must have been an action on the case.

·The same is true with reference to *Warren* v. *Jones,* 70 Miss. 202, but the court cites in its opinion all the ·cases which we have mentioned except the chancery ·case of *Newman* v. *Bank,* and we must suppose *Warren* v. *Jones* to have been an action on the case.

The case of *Peets & Norman Co.* v. *Baker,* 95 Miss. 576, is also silent as to the kind of action instituted; but we cannot believe it was the ordinary action of trover ·or *assumpsit.* We have now referred to all of the cases ·cited by appellant to support the position that trover or ·*assumpsit* may be maintained by the landlord in such cases. We find that it was long ago decided that neither trover nor *assumpsit* could be maintained; but that an action on the case was the landlord's remedy. Every ·such case by the landlord traces its lineage back to *Wooten* v. ·*Gwin,* 56 Miss. 423; *Dunn* v. *Kelly,* 57 Miss. ·825, and *Cohn* v. *Smith,* 64 Miss. 916, which were actions ·on the case.

The Alabama supreme court holds that a landlord ·could not maintain trover under these circumstances; and that unless the complaint shows that plaintiff's lien has been lost or destroyed or impaired by defend-ant's conduct, no cause of action is stated at all. *Scar-borough* v. *Rowan,* 27 So. 919.

The statutory lien on crops to secure an overseer in the payment of his wages (section 3042, Code of 1906), is of the same character as the lien of the landlord. In ·the case of *Powell* v. *Smith,* 74 Miss. 142, the plaintiff overseer sued the defendant who had taken and converted ·cotton subject to plaintiff's lien in an action on the case

as appears from the report of the averments in the declaration on page 143.

We have hitherto discussed the case as if plaintiff's intestate had a lien on the cotton to secure payment of her claim. We have sought to show that even on that supposition the peremptory instruction was proper.

We now contend that she had no lien on the cotton of any kind whatever. We certainly shall not deny and have never denied that the circuit court has jurisdiction of the action of trover, the action made by plaintiff's declaration, notwithstanding the gratuitous assertion to the contrary in appellant's brief.

We agree with the statement in appellant's brief that the question of whether Lou Roberts ''could have recovered this cotton from the vendee'' ''must be determined by the will of Burwell Roberts, whereby the land was bequeathed to his children on condition that they pay Lou Roberts during her lifetime, one bale of cotton weighing five hundred pounds each year, so as to make her annual income six bales of cotton weighing five hundred pounds each.''

It can't be held that Lou Roberts, claiming as she does under that will was the lessor of the other devisees. Before she can have a landlord's lien that must be the holding. For the reason that the landlord's lien is purely statutory and is given only to the ''lessor of lands.'' Section 2832 of the Code.

She made no lease of these lands. She could not distrain for rent. She could not distrain for supplies. She could not have maintained replevin until after the title became vested in her by delivery to her or to some one for her and her acceptance. If she could not attach for rent against the devisees, certainly she could not recover against the purchaser of the agricultural products grown on the lands.

It is unnecessary for us to point out what her remedy was. It is sufficient for us plainly to show that she did not have the remedy which she invoked and thereby justify that affirmance for which we respectfully insist.

PER CURIAM.

This cause was decided on a former day by division B of this court, but the judgment then rendered was afterwards set aside and the cause submitted to the court *in banc,* a majority of which are of the opinion that the cotton directed by the will of Burwell Roberts to be delivered by each of the devisees therein to Lou Roberts is not a charge upon the crops grown upon his or her share in the land. *Roberts* v. *Burwell,* 78 So. 357, this day decided. So that the judgment of the court below will be affirmed, and the opinion hereinbefore delivered by division B will be withdrawn.

*Affirmed.*